IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:14CR07

CHARLES D. BOOKER


MEMORANDUM OPINION

On May 15, 2014, the Court sentenced Charles D. Booker to 262 months of imprisonment for conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin. (ECF Nos. 31, 33.) On August 17, 2020, Booker filed "Petitioner[']s motion for Relief of judgment or order pursuant to Rules) 60(b)(3) and (6) as well as (d)(3)," ("Rule 60 Motion," ECF No. 42). In his Rule 60 Motion, Booker contends that, inter alia, the Government committed fraud on the Court and he should be released from confinement. (Id. at 26.)

The Federal Rules of Civil Procedure do not apply in criminal cases such as Booker's. Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts . . . .") (emphasis added); see United States v. Goodwyn, 596 F.3d 233, 235 n.* (4th Cir. 2010) ("Of course, the Federal Rules of Civil Procedure do not apply to motions under § 3582. This is so because § 3582 motions-which seek only to alter terms of imprisonment-are criminal in nature."

(citing cases)).  Thus, a motion pursuant to Federal Rule of <u>Civil</u>
Procedure Rule 60 is not an appropriate procedural vehicle for
launching an attack on a criminal conviction.  <u>United States v.</u>
<u>Sherman</u>, No. 11-6736, 2011 WL 5024152, at *1 (4th Cir. Oct. 21,
2011) (affirming District Court's denial of Rule 60(b) motion in
a criminal case "[b]ecause the Federal Rules of Civil Procedure do
not apply to [movant's] criminal matter."); <u>United States v.</u>
<u>Stewart</u>, 235 F. App'x 178, 179 n.1 (4th Cir. 2007).  Accordingly,
the Rule 60 Motion (ECF No. 42) will be denied.

A motion pursuant to 28 U.S.C. § 2255 provides the primary
means of collateral attack on the imposition of a federal
conviction and sentence.  See <u>Pack v. Yusuff</u>, 218 F.3d 448, 451
(5th Cir. 2000) (<u>citing</u> <u>Cox v. Warden, Fed. Det. Ctr.</u>, 911 F.2d
1111, 1113 (5th Cir. 1990)).  If Booker wishes to invoke this
Court's jurisdiction under 28 U.S.C. § 2255, he must do so
unequivocally and in accordance with the rules governing such
actions.  <u>Cf.</u> <u>United States v. Blackstock</u>, 513 F.3d 128, 133 (4th
Cir. 2008) (explaining that the district court must advise inmates
of the consequences of filing a § 2255 motion prior to converting
a mislabeled post-conviction motion into a motion pursuant to
§ 2255).  Any motion under 28 U.S.C. § 2255 must conform to the
form prescribed by the rules governing such motions and be sworn
to under penalty of perjury.  See Rule 2(b), Rules Governing

2

§ 2255 Proceedings for the U.S. District Courts.  The Court will process a request for relief under 28 U.S.C. § 2255 upon receipt from Booker of the properly completed forms seeking such relief. Therefore, the Clerk will be directed to send Booker the proper forms for filing a motion pursuant to § 2255.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Booker and counsel of record.

_____ /s/ _____
Robert E. Payne
Senior United States District Judge

Date: November 4 2020
Richmond, Virginia