IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:14cr7

CHARLES D. BOOKER,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the MOTION FOR COMPASSIONATE RELEASE PURSUANT TO § 3582(C)(1)(A) (ECF No. 69); DEFENDANT'S SUPPLEMENTAL MOTION FOR COMPASSIONATE RELEASE PURSUANT SECTION 603(b) OF THE FIRST STEP ACT (ECF No. 73) ("Supplemental Motion"); United States' Memorandum in Opposition to Defendant's Supplemental Motion for Compassionate Release (ECF No. 75) ("Opposition"); DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO HIS SUPPLEMENTAL MOTION FOR COMPASSIONATE RELEASE PURSUANT SECTION 603(b) OF THE FIRST STEP ACT (ECF No. 76); DEFENDANT'S REQUEST FOR COMPASSIONATE RELEASE RELIEF PURSUANT TO AMENDED POLICY STATEMENT (ECF No. 79)("Amended Motion"); DEFENDANT'S SUPPLEMENT TO HIS MOTION FOR COMPASSIONATE RELEASE (ECF No. 82); and DEFENDANT'S SECOND SUPPLEMENT TO HIS MOTION FOR COMPASSIONATE RELEASE (ECF No. 83). For the reasons set forth below, the Supplemental Motion (ECF No. 73) will be GRANTED.

## BACKGROUND

Charles D. Booker, was named in a five count INDICTMENT returned by the grand jury on January 21, 2014. ECF No. 72, ¶ 3. COUNT ONE charged Booker with conspiracy to distribute more than one kilogram of heroin in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(i). Id. ¶ 4. COUNTS TWO though FIVE charged Booker with distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Id. ¶¶ 5-8. On February 25, 2014, Booker pled guilty to COUNT ONE. Id. ¶ 9.

The record demonstrates that Booker was a part of a large conspiracy to distribute heroin between August 2012 to November 2013. Id. ¶ 12 (citing Plea Agreement, ECF No. 20). Booker also personally sold heroin on multiple occasions in controlled buys supervised by law enforcement officers. A search of Booker's home yielded four firearms and two magazines of ammunition. Pursuant to the plea agreement, Booker was held accountable for more than 1 kilogram but less than 3 kilograms of heroin.

At sentencing, the Base Offense Level for Conspiracy to Distribute between 1 and 3 Kilograms of Heroin was 32. U.S.S.G. § 2D1.1(a)(5); § 2D1.1(c)(4). Booker received a two point increase because he possessed a Dangerous Weapon, U.S.S.G. § 2D1.1(b)(1),. The Adjusted Offense Level was 37 because of the Career Offender Enhancement. Booker was credited with a three point decrease because of his Acceptance of Responsibility, for a Total Offense

2

Level of 34. Booker received 14 Criminal History Points, for a Criminal History Category of VI. The career offender enhancement was applied because the offense of conviction was a felony controlled substance offense and Booker had two prior convictions for either a crime of violence or a controlled substance offense.

Thus, the sentencing range was 262-337 months. Booker was sentenced to 262 months imprisonment. That sentence was reduced from 262 months to 196 months on March 21, 2016. ECF No. 38.

DISCUSSION

## I.   The Statutory Framework

The applicable statute, 18 U.S.C. § 3582(c)(1)(A) provides, in pertinent part, that, upon appropriate motion, the Court "may reduce the term of imprisonment . . . if it finds that—(i) extraordinary and compelling reasons warrant such a reduction." It is settled that the burden is on the defendant to prove that extraordinary and compelling conditions exist for compassionate release under § 3582(c)(1)(A)(i).  United States v. White, 378 F. Supp. 3d 784, 785 (W.D. Mo. 2019).

As the United States Court of Appeals for the Fourth Circuit recently explained:

> Congress authorized "compassionate release" in 18 U.S.C.§ 3582(c)(1)(A). That provision begins with the general rule that a "court may not modify a term of imprisonment once it has been imposed." Id. It then describes an exception to that rule, in which courts may consider motions made by defendants who have exhausted their administrative

3

remedies and are seeking a sentence modification. Id.; see also United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022). A court can grant a compassionate release motion if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and (3) that the § 3553(a) factors weigh in favor of granting relief, "to the extent that they are applicable." See § 3582(c)(1)-(2).

Elements one and two are supposed to work together. Because "[§]3582(c)(1)(A)(i) does not attempt to define the 'extraordinary and compelling reasons' that might merit compassionate release," the "Sentencing Commission, pursuant to authority granted it by Congress," does so instead. McCoy, 981 F.3d at 276 (quoting § 3582(c)(1)(A)(i))). But that only works when there is an applicable policy statement. . . . Without a policy statement applicable to compassionate release motions made by defendants, the district court had discretion to make its "own independent determination of what constitutes an extraordinary and compelling reason under § 3582(c)(1)(A) . . . ." Id. at 284 (cleaned up).

If a district court finds extraordinary and compelling circumstances warrant a sentence reduction, it must then consider whether the factors in § 3553(a) support such a decrease. The § 3553(a) factors include "the nature and circumstances of the offense" as well as the defendant's history and characteristics, the "kinds of sentences available," and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(1), (3), (6). They also include the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," to deter criminal conduct, to protect the public and to provide the defendant with appropriate resources such as "medical care" and "vocational training." Id. § 3553(a)(2). But district courts are only

4

> required to address the § 3553(a) factors "to the
> extent that they are applicable." § 3553(a).

United States v. Burleigh, 145 F.4th 541, 547-48 (4th Cir. 2025)
(emphasis added).

These principles guide the analysis of Booker's motion for
compassionate release.

## II.  The Statutory And Guideline Imprisonment Terms

At the time of sentencing, the statutory penalty for COUNT
ONE was 10 years to life imprisonment.  With an Adjusted Offense
Level of 37[1] and a Total Offense Level of 34 and a Criminal History
Category of VI (by virtue of the Career Offender enhancement), the
imprisonment guideline range was 262 to 327 months.  Today, the
statutory sentence range remains the same.  However, because of
the decision in United States v. Norman, 935 F.3d 232 (4th Cir.
2019), COUNT ONE would not serve as a predicate for the Career
Offender Enhancement.  And, the previous conviction would no longer
be considered a crime of violence.  Worksheet in Response to Motion
for Compassionate Release (ECF No. 74).

Thus, the Base Offense Level today would be 30, not 37, and
the Total Offense Level would be 29, not 34.  The Criminal History
Category would remain at VI because Booker had 14 criminal history
points.   The imprisonment guideline range today would be 155 to

---

[1] This level was set because of the Career Offender adjustment.
See Worksheet in Response to Motion for Compassionate Release (ECF
No. 74).

188 months.   Worksheet in Response to Motion for Compassionate Release (ECF No. 74).

## III. The Exhaustion Requirement

To begin, the Court may consider a motion for compassionate release only if the defendant has fully exhausted all administrative rights to appeal the failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the Warden of the defendant's facility whichever is earlier.   18 U.S.C. § 3582(c)(1)(A). If the defendant has administratively exhausted his claim for release or the Government does not contest the exhaustion requirement, the district court will conduct a two-step inquiry to decide whether to reduce the defendant's sentence under the statute.   United States v. Bond, 56 F.4th 381, 383 (4th Cir. 2023).

On November 11, 2022, Booker, acting pro se, filed a request for Compassionate Release. ECF No. 69. On January 4, 2023, Counsel for Booker filed the Supplemental MOTION. ECF No. 73. The Government does not contest that Booker has exhausted his administrative remedies. ECF No. 75, 2. The record confirms that Booker has satisfied the exhaustion requirement.

## IV.  Extraordinary and Compelling Reasons

Now the inquiry turns to whether Booker has established the

6

existence of extraordinary and compelling reasons that warrant compassionate release. The Sentencing Commission has issued a policy statement on extraordinary and compelling reasons for compassionate release. It is § 1B1.13(b), and it provides as follows:

(b) EXTRAORDINARY AND COMPELLING REASONS.[2]—Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

(1) MEDICAL CIRCUMSTANCES OF THE DEFENDANT
(2) AGE OF THE DEFENDANT
(3) FAMILY CIRCUMSTANCES OF THE DEFENDANT
(4) VICTIM OF ABUSE
(5) OTHER REASONS.— The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).
(6) UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

And, § 1B1.13(c) and (d) provide:

(c) LIMITATIONS ON CHANGES IN LAW.—Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant

---

[2] Subsections (1) - (4) have no application to this case so only the titles of the subsections are set out above.

a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

(d) REHABILITATION OF THE DEFENDANT.—Pursuant to 28 U.S.C. § 944(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

U.S.S.G. § 1B1.13(b)(1)-(6), (c), (d).[3]

Booker presents two reasons for finding extraordinary and compelling circumstances. First, he notes that he would no longer be considered a career offender because of a change in the law, specifically the decision in United States v. Norman, 535 F.3d 232 (4th Cir. 2019). So, says Booker, "because [the] career offender 262-month sentence is substantially greater than the non-career offender guidelines of 151-188 months," compassionate release is appropriate. Supplemental Motion (ECF No. 73, p. 6; also see p. 1). Second, Booker says that "his exceptional rehabilitation efforts and outstanding prison record" warrants compassionate release  (ECF No. 74, p. 1).

---

[3] Booker relies largely on United States v. McCoy, 981 F.3d 271 (4th Cir. 2020), wherein the Fourth Circuit held that, in the absence of a Guidelines policy statement, "district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted) (emphasis added).  However, because in this case there is a Guideline policy statement, the "any extraordinary and compelling reason" that might be raised does not apply.

### A.    Change In Law

Booker's first asserted reason for a finding of extraordinary and compelling reasons is a change in the law that results in new guidelines.    The Government's primary argument in opposition is that the Fourth Circuit's decision in United States v. Ferguson precludes Booker from arguing that Norman means his sentence should be reduced. ECF No. 75. That argument misses the point. First, Ferguson does not apply to the facts here. Ferguson spoke to whether a defendant could use the compassionate release statute to challenge his conviction and the guidelines calculation as made at the time of his original sentencing. United States v. Ferguson, 55 F.4th 262, 266 (4th Cir. 2022). Booker does not attack his conviction. Nor does he argue that his guidelines were incorrectly calculated at his sentencing. Rather, he argues that, because of a change in the law (United States v. Norman), the guidelines would now be calculated differently. And, he is correct.

In Concepcion, the Supreme Court held that courts could consider intervening changes in law for Section 404 motions. Concepcion v. United States, 597 U.S. 481, 500 (2022). While Concepcion specifically applied to Section 404 First Step Act motions, there is no reason why it should not equally apply to Section 603. United States v. Nicholas, Criminal No. 3:17cr120, 2024 WL 1658248, at *3 (E.D. Va. April 17, 2024). Doing that here means that, today, Booker would not qualify for the career offender

9

enhancements. And although his criminal history score would remain VI, the offense level would be materially reduced. So too would the sentence range. That fact can then be considered in deciding whether extraordinary and compelling circumstances exist that would warrant compassionate release.

But, § 1B1.13(c) provides that, except as provided in § 1B1.13(b)(6), Unusually Long Sentence, "a change in the law. . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement."

Therefore, under the text of § 1B1.13(c), Booker's reliance on the decision in Norman does not serve to establish an extraordinary and compelling reason for compassionate relief. However, the recent decision in Concepcion v. United States, 597 U.S. 481 (2022), although decided under Section 404 of the FSA, rather than Section 603 (the compassionate release section) teaches that, in modification of sentences that are permitted by law, district courts have discretion to consider changes in facts and in law. In other words, in Section 404 cases, Concepcion authorizes consideration of rehabilitation evidence as well as changes in the law. There is no reason why the reasoning that produced that concept in Concepcion in Section 404 cases should not be applied in Section 603 cases.

Concepcion was decided before the most recent amendment to

§ 1B1.13, but, the Guidelines are advisory and the decisions of the Supreme Court are not. Therefore, because the reasoning of Concepcion, as to Section 404 motions, applies with equal force to Section 603 motions, a change in the law can provide the predicate for a finding of extraordinary and compelling reasons for compassionate release.

But, not every change in the law is sufficient to that end. And, so it is necessary to determine whether the change on which Booker relies is a sufficient predicate for a finding of an extraordinary and compelling reason.

True, the change in law (the decision in Norman) operates to relieve Booker of the Career Offender Enhancement in calculating his Criminal History Category. However, Booker's Criminal History Category remains at VI based on the number of criminal history points. But, the Career Offender Enhancement also produced an increased Adjusted Offense Level of 37 (reduced to 34 for acceptance of responsibility). Without the Career Offense Enhancement, the Offense Level would be 30 (which reduced for acceptance and increased for the firearm possession would be 29). Thus, the elimination of the Career Offender Enhancement would today produce a guideline range of 151-188, rather than 237-262.

That comparison is somewhat misleading because Booker's sentence already has been reduced from 262 months to 196 months. That is 45 months greater than the low end of today's guideline

11

range and 8 months greater than the high end of today's range.

So, says the Government, the question is whether a discrepancy of that magnitude (8 to 45 months) rises to the level of extraordinary and compelling reason for compassionate release. Booker says that is not the question. Instead of looking at the situation as it exists today, Booker argues that the proper measure of difference is to compare the guideline ranges before the sentence was reduced to 196 months. (ECF No. 76, pp. 10-12). Then, Booker would turn to U.S.S.G. § 1B1.10(b)(2)(B) and calculate a comparably lower sentence using a percentage, or a flat number of months, reduction from today's guideline range. Either method would yield a greater difference than the 8 to 45 month range that results from comparing the reduced sentence (196 months) to today's Guideline range.

That approach, like the Government's, ignores reality. And, in the world of compassionate release, the task is to identify the defendant's real world circumstances. Indeed, every one of the § 1B1.13(b) extraordinary and compelling categories is based on the actual circumstances – the real world construct.

Without doubt, Booker's original sentence range (237-262 months) was unusually long when compared with what the sentence range would be today (155-188 months). And that is not altered by the previous reduction to 196 months. So Booker qualifies for consideration under § 1B1.13(b)(6).

**B. Rehabilitation**

Booker also argues that his rehabilitation is unusual and that it too supports a finding of extraordinary and compelling circumstances.

Rehabilitation, alone, is not a basis for a finding of extraordinary and compelling reason for compassionate relief. 28 U.S.C. § 994(t); § 1B1.13(d). But, rehabilitation while serving a sentence can be considered "with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." § 1B1.13(d). Because "whether" relates to the reason for compassionate release, rehabilitation can be considered along with other circumstances in deciding whether there exists extraordinary and compelling reasons. In addition, Concepcion recognizes that post-conviction can be considered in assessing a motion for sentence reduction under Section 404. And, as explained above, there is no reason that the same should not be true when assessing the quantum of any reduction under Section 603.

Since being incarcerated, Booker has had an exceptional record. He has been given very significant responsibilities in the prison and is trusted by the staff. He has only had one disciplinary infraction, quite a feat for a person incarcerated over a decade. He serves as a suicide watch buddy. Booker's counselor reported that Booker is "a good guy, responsible, works

13

hard" and that Booker "would be an asset to society." ECF No. 73, 4. Those views are significant. Clearly, Booker is a different person than he was at sentencing eleven years ago. And his record of rehabilitation is a strong one. So, it too augurs in favor of a finding that extraordinary and compelling circumstances warrant compassionate release.

For those reasons, the Court finds there are extraordinary and compelling reasons for compassionate release.

## V.    18 U.S.C. § 3553(a)

Next, the analysis requires consideration of the 18 U.S.C. § 3553(a) factors. Those factors include, among others, (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the need for the sentence to reflect the seriousness of the offense and promote respect for the law, (4) the need to afford adequate deterrence, (5) the need to protect the public, and (6) the need to avoid any unwarranted sentence disparities.

First, the nature and characteristics of the offense. The offense of conviction is undoubtedly extremely serious. Booker engaged in a conspiracy to distribute significant amounts of heroin that spanned more than a year. Not only did he distribute and conspire with others to distribute a significant amount of illegal and dangerous drugs, he had many firearms in his home. His conduct

14

put himself and the community in danger in multiple ways.

The next factor is the history and characteristics of the defendant. In this analysis the Court can consider post-sentencing conduct. Booker's post-sentencing conduct has been exemplary. He has improved himself, gained skills, and has become a person who is responsible and reliable in discharging significant responsibilities. Certainly, Booker has a long criminal history, putting him in Category VI of the Criminal History Score even without the career offender designation. ECF No. 72, 40. However, his criminal history does not appear to reflect the man he is today. His Counselor at Bennettsville stated "I would feel safe and confident if Mr. Booker where[sic] my neighbor. I'm positive that once released he would be a great asset to his family and those around him." ECF No. 77, 1.

Factors three through four require that the sentence be calculated to ensure deterrence, reflect the seriousness of the offense, and protect the public. A sentence below 196 months is sufficient to provide deterrence and reflect the seriousness of the offense. And it is clear from Booker's post-conviction record that Booker is no longer a threat to public safety.

## CONCLUSION

Considering the record as a whole, DEFENDANT'S SUPPLEMENTAL MOTION FOR COMPASSIONATE RELEASE PURSUANT SECTION 603(b) OF THE FIRST STEP ACT (ECF No. 73) will be granted and his sentence will

15

be reduced to time served as of November 17, 2025.

It is so ORDERED.

_____ /s/    R EP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October  /4 , 2025

16